UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KARLY NELSON and EILEEN HIRSCH, individually and on behalf of all others similarly situated,<br><br>                           Plaintiffs,<br>  v.<br><br>JOHN PAUL MITCHELL SYSTEMS,<br><br>                           Defendant. | Case No. 1:22-cv-06364<br><br>Hon. Sharon Johnson Coleman<br><br>Hon. Heather K. McShain |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Plaintiffs Karly Nelson and Eileen Hirsch ("Plaintiffs") respectfully submit this Motion to Compel Defendant John Paul Mitchell Systems ("Defendant") to produce responses to: (1) Plaintiffs' First Set of Requests for Production, (2) Plaintiffs' First Set of Interrogatories, and (3) Plaintiffs' First Set of Requests for Admission (together "Plaintiffs' Discovery Requests").

## LOCAL RULE 37.2 CERTIFICATION

Pursuant to L.R. 37.2 and this Court's Individual Rules, on August 14, 2024 at 2:30 p.m. ET, following the exchange of e-mail correspondence, counsel for the Parties met and conferred via videoconference regarding the issues set forth in this Month. Present for the Parties were Max S. Roberts and Kristen Lake Cardoso for Plaintiffs, and Erin D. French for Defendant. The Parties discussed their respective positions on the instant Motion and why they believed the Motion had merit or did not. Despite good faith attempts by counsel to resolve their differences, the Parties were unable to reach an accord.

1

# **INTRODUCTION**

This is a simple motion. Plaintiffs' claims arise from their allegations regarding "Defendant's manufacturing, distribution, and sale of Paul Mitchell brand dry shampoo products … that contain dangerously high levels of benzene, a carcinogenic impurity that has been linked to leukemia and other cancers." Consolidated Class Action Complaint ("CAC") at ¶ 1. Plaintiffs seek discovery regarding this matter, and Defendant refuses to respond to Plaintiffs' Discovery Requests, arguing discovery is premature and improper because its Motion to Dismiss is pending. Defendant is wrong.

On February 10, 2023, this Court ordered the Parties to submit a New Case Joint Status Report. ECF No. 22 (order); ECF No. 27 (filed report). In advance of filing their Joint Status Report, the Parties met and conferred extensively, as is required by Fed. R. Civ. P. 26(f). *See* Fed. R. Civ. P. 26(f)(1)–(3); ECF No. 27. In the New Case Joint Status Report filed on March 23, 2023, Defendant asserted "[t]o the extent Defendant files a motion to dismiss, it will also file a motion to stay discovery and, therefore, would not agree to Plaintiffs' proposed deadlines." ECF No. 27. To date, Defendant has not filed a motion to stay discovery.

On April 7, 2023, the Parties had a telephonic status hearing. ECF No. 32. Following this hearing, Defendant filed a motion to dismiss, ECF No. 33–34, but elected not to file a motion to stay. Plaintiffs filed their opposition on May 12, 2023, ECF No. 40, and Defendant replied on May 26, 2023. ECF No. 41. The Motion to Dismiss remains pending before the Court.

In the absence of a stay, on June 26, 2024, Plaintiffs served Defendant with their First Set of Requests for Admission, First Set of Requests for Production of Documents, and First Set of Interrogatories. Declaration of Max S. Roberts Exs. 1-3. Thirty (30) days later, Defendant's counsel sent an email claiming Plaintiffs' requests are "premature" and claimed they have no

obligation to respond until the pending Motion is resolved. *Id.* Ex. 4. Notably, Defendant did *not* file formal responses or objections to any of Plaintiffs' discovery requests.

Due to Defendant's failure to respond to Plaintiffs requests, Plaintiffs seek an order (1) compelling Defendant to respond to Plaintiffs' First Set of Requests for Production of Documents and First Set of Interrogatories, and (2) deeming Plaintiffs' First Set of Requests for Admission, as admitted.

## LEGAL STANDARD

"Parties are allowed to obtain discovery regarding any unprivileged matter relevant to the claim or defense of any party." *In re IKO Roofing Shingle Prods. Liab. Litig.*, 2017 WL 11452715, at *1 (N.D. Ill. Feb. 28, 2017) (citing Fed. R. Civ. P. 26(b)(1)). This rule is to be construed "broadly and liberally." *Id*. "For discovery purposes, relevancy is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Id.* (cleaned up).

"The party opposing discovery has the burden of proving that the requested discovery should be disallowed." *Id.* at *2 (cleaned up). "The objecting party must do more than simply recite boilerplate objections such as overbroad, burdensome, oppressive or irrelevant." *Id*.

## ARGUMENT

Defendant contends that because the "Court has not ruled on the Motion to Dismiss … [Plaintiffs'] requests are premature and improper." Declaration of Max S. Roberts at Ex. 4. Tellingly, Defendant fails to cite any caselaw in support of its claims. Courts in this circuit recognize there is "no requirement that…discovery cease during the pendency of a motion to dismiss [the complaint] unless the court has ordered a stay", which it has not done in this case. *See SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988). Here,

Plaintiffs' Discovery Requests were sent to Defendant without a stay of discovery or a motion to stay discovery on the record. Further, Defendant's pending Motion to Dismiss should have no impact on this Court's decision to compel discovery. Indeed, this Court's Individual Rules state "the pendency of a motion, such as a motion to dismiss, *does not operate as a stay of discovery*."[1]

By failing to respond, Defendant has defaulted on Plaintiffs' Discovery Requests, in violation of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 37(3)(B)(iii)-(iv) ("A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if … a party fails to answer an interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."). Similarly, by failing to respond to Plaintiffs' First Set of Requests for Admission in a timely manner, Defendant has failed to fulfill its obligations and therefore this Court should find the matters in Plaintiffs' First Set of Requests for Admission are admitted. Fed. R. Civ. P. 36(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney").

Moreover, Defendant is aware discovery in the present action is proper. In the Joint Status Report filed on March 23, 2023, Defendant stated "[t]o the extent Defendant files a motion to dismiss, *it will also file a motion to stay discovery and, therefore, would not agree to Plaintiffs' proposed deadlines*." ECF No. 27 (emphasis added). However, to date, Defendant has not filed a motion to stay discovery, indicating either (i) Defendant consents to Plaintiffs' proposed deadlines, or (ii) there is no stay of discovery. *See id.*

---

[1] JUDGE SHARON JOHNSON COLEMAN INDIVIDUAL RULES, DISCOVERY MOTION PRACTICE, https://www.ilnd.uscourts.gov/judge-info.aspx?xOs2BvERVp8= (emphasis added).

Because Plaintiffs and Defendant conferred in advance of filing their Joint Status Report, ECF No. 27, and there is no Motion to Stay on the Record, Plaintiffs Discovery Requests were made in accordance with the Federal Rules of Civil Procedure. Thus, Plaintiffs respectfully request the Court enter an order (1) compelling Defendant to respond to Plaintiffs' First Set of Requests for Production of Documents and First Set of Interrogatories, and (2) deeming Plaintiffs' First Set of Requests for Admission, as admitted.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion should be granted in full.

Dated: August 14, 2024

Respectfully submitted,

By: /s/ Max S. Roberts
     Max S. Roberts

**BURSOR & FISHER, P.A**
Max S. Roberts
1330 Avenue of the Americas, 32nd Floor
New York, New York 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: mroberts@bursor.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
Nick Suciu III
6905 Telegraph Rd., Suite 115
Bloomfield Hills, MI 483021
Tel: 313-303-3472
Email: nusiu@milberg.com

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
Gary M. Klinger
Russell Busch
227 W. Monroe Street
Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878

        Email: gklinger@milberg.com
           rbusch@milberg.com

        **KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT**
        Jeffrey M. Ostrow
        Kristen Lake Cardoso
        1 West Las Olas Blvd., Suite 500
        Fort Lauderdale, FL 33301
        Tel: (954) 525-4100
        Email: ostrow@kolawyers.com
           cardoso@kolawyers.com

        *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on August 14, 2024, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

By: */s/ Max S. Roberts*
Max S. Roberts